UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN BOYAR                                         :
                                                    :
      Plaintiff                                  :
                                                    :        10 CV 65 (HB)
          - against -                          :
                                                    :        OPINION AND
CITY OF NEW YORK, ET AL.                            :        ORDER
                                                    :
      Defendants.                                :
------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      Plaintiff Brian Boyar is a Jewish sergeant with the New York City Sheriff's Department and seeks to recover for damages allegedly suffered as a result of what he claims was discrimination based on his religion, as well as retaliation and a hostile work environment. He brings these claims under Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 1983, 1981, and 1985,[1] New York State Human Rights Law (NYHRL), and New York City Human Rights Law (NYCHRL). Defendants move for summary judgment dismissing the claims. For the reasons that follow, Defendants' motion is GRANTED in its entirety.

DISCUSSION

      Summary judgment is warranted if the moving party shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009); Fed.R.Civ.P. 56(c).

      "[M]ere speculation and conjecture is insufficient to preclude the granting of the motion." *Guilbert v. Gardner,* 480 F.3d 140, 145 (2d Cir.2007). "[T]he opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" *Zelnik v. Fashion Institute of Technology,* 464 F.3d 217, 224 (2d Cir. 2006) (*quoting* Fed.R.Civ.P. 56(e)). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "to put

---

[1] Defendants argue that sections 1981 and 1985 are inapplicable because no facts suggest the existence of race-based discrimination in the making or formation of a contract, addressed by section 1981, nor a conspiracy to interfere with civil rights, addressed by section 1985. Because these arguments are unopposed, and because Plaintiff in any case fails to make out a prima facie case of any civil rights violation, claims under sections 1981 and 1985 are dismissed.

1

up or shut up." *Weinstock v. Columbia Univ.,* 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted). Unsupported allegations in the pleadings thus cannot create a material issue of fact. *Id.*

## I. Unlawful discrimination

To survive summary judgment brought pursuant to Title VII and more specifically Plaintiff's unlawful discrimination claim, Plaintiff must first make out a *prima facie* case by showing that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." *Ruiz v. County of Rockland*, 609 F.3d 486, 491-492 (2d Cir. 2010). The same standard applies under New York State Human Rights Law. *Compare Leibowitz v. Cornell University*, 584 F.3d 487, 498 (2d Cir. 2009) *and Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 (2004). While CHRL may entail a slightly broader approach, *see Kumuga v. N.Y.C. Scho. Const. Auth.*, 2010 WL 1444513, *14 (N.Y. Sup. Ct. Apr. 2, 2010), it compels the same result here. A *prima facie* case gives rise to a presumption of unlawful discrimination, and the burden of production then shifts to the defendant to proffer a "legitimate, nondiscriminatory reason" for the challenged employment action. *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 91 (2d Cir.2001). Because plaintiff has failed to make a *prima facie* case, the burden shifting analysis is unnecessary in this case.

### a. Failure to promote – timeliness

Under Title VII, a plaintiff must file an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") within 300 days following the alleged discriminatory act. *Petrosino v. Bell Atlantic.* 385 F.3d 210, 219 (2d Cir.2004). Plaintiff filed his discrimination claim with the EEOC on May 14, 2009, so any Title VII claim that accrued prior to July 18, 2008 is untimely.

A three year statute of limitations applies to discrimination claims under section 1983, *Johnson v. Department of Housing Preservation and Development*, 218 Fed.Appx. 5, 6 (2d Cir. 2007), and the same statute of limitations is applicable with respect to NYSHRL and NYCHRL. *See* N.Y. Exec. Law § 296; N.Y. C.P.L.R. § 214(2) (McKinney 2003); N.Y.C. Admin. Code § 8-502(d); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). Because the complaint in this action was filed on January 10, 2010, any such claims accruing prior to January 10, 2007 are barred by the statutory time period.

Plaintiff has failed to show that he has a timely claim based on a failure to promote. As the Defendants point out, Plaintiff's own testimony indicates that the positions to which Plaintiff claims he could have been promoted were filled outside the statutory time period. *See* Decl. of Jamie Zinaman, Ex. B, 33:20-34:25, 61:8-14 (Undersheriff position filled around August 2005); *Id.*, Ex. I, 18-20 (First Deputy Sheriff position filled in 2006); *Id.*, Ex. B, 44:1-19 (Chief of Staff position had been filled "for a while."); *Id.*, Ex. B, 33:1-17, 44:20-45:9 (Chief of Operations position filled since 2002); *Id.*, Ex. B, 47:2-8 (Director position filled since at the latest 2006). As a consequence any alleged failure to promote claim must fail.

### b. Failure to promote – *prima facie* case

Even were Plaintiff's claims timely, they would still fail on the merits because Plaintiff never applied for a promotion. To make out a *prima facie* case on a failure to promote claim Plaintiff must show he was a member of a protected class, that he applied for and was qualified for a job, that he was rejected, and that the rejection occurred under circumstances giving rise to an inference of discrimination. *See Lomotey v. Conn.-DOT*, 355 Fed. Appx. 478, 480 (2d Cir. 2009).

Plaintiff has shown no facts from which a reasonable juror could find that he actually applied for a promotion. Although he took and failed a civil service test for promotion to Lieutenant, Def.'s 56.1 Stmnt. ¶ 12, he claims that promotion to the positions noted above was discretionary, and did not require a passing test score. While he expressed a general desire for promotion to such a position, *see* Decl. of Linda M. Cronin, Ex. B, 194, a plaintiff "cannot meet the application requirement for stating a failure to promote claim merely with evidence that he generally requested promotion consideration." *See Brown v. Coach Stores, Inc.,* 163 F.3d 706, 710 (2d Cir.1998); *Billups v. Dent Wizard Intern. Corp.*, No. 05 cv 9356, 2010 WL 2541361, *8 (S.D.N.Y. June 14, 2010). Plaintiff has provided no facts to show that he actually applied for and was rejected from any of the positions. Quite the contrary, he admitted at deposition that no such applications were made. *See* Decl. of Jamie Zinaman, Ex. B, 59:25-60:1 (did not apply for Undersheriff); *Id.*, Ex. B38:10-17, 40:4-7, 43:6-21 (did not apply for First Deputy Sheriff); *Id.*, Ex. B, 44:1-9 (did not believe there was even an opening for Chief of Staff); *Id.*, Ex. B, 44:10-14 (did not apply for Chief of Operations); *Id.*, Ex. B, 47:25-48:1(did not apply for Director). Because he has not shown he actually applied for a position, Plaintiff's failure to promote claim must fail on this ground as well. *See Brown,* 163 F.3d at 710.

### c. Denial of discretionary pay

Plaintiff claims, without pointing to supporting facts, that he was not awarded certain discretionary pay that he was qualified to receive, apparently referring to a type of bonus contemplated by his employment agreement.  While it is undisputed that he received no such bonus, the failure to provide it does not pass the test for an "adverse employment action," which requires "a materially adverse change in h[is] employment status" or in the terms and conditions of his employment."  *Kessler v. Westchester County Dept. of Social Services*, 461 F.3d 199, 207 (2d Cir. 2006).  Examples of "[e]mployment actions that have been deemed sufficiently disadvantageous to constitute an adverse employment action include [] termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation."  *Id.*  (internal citations omitted).  Plaintiff cites no facts suggesting that discretionary pay was awarded as a matter of course or that he was otherwise entitled to expect or rely on it.  Defendants' decision not to provide discretionary pay did not change the terms or conditions of Plaintiff's employment, and therefore cannot support a *prima facie* case for discrimination.

Moreover, Plaintiff has not shown circumstances giving rise to an inference of discrimination, because he has not even shown that Defendants knew he was Jewish.  *See, e.g.*, Decl. of Jaime Zinaman, Ex. I, L.  While he claims he made comments to Sheriff Eason that would suggest he is Jewish, Sheriff Eason testified that he was unaware of Plaintiff's religion before reading the complaint.  *Id.* Ex. C, 193:9-20.  Plaintiff also pointed to no facts drawing a connection between his religion and any alleged denial of discretionary pay, etc., and thus no inference of discrimination is possible.  *See Ruiz v. County of Rockland*, 609 F.3d 486, 491-492 (2d Cir. 2010).

### d. Denial of overtime

Plaintiff's claim of discrimination based on denial of overtime centers on two instances. First, he was denied overtime to fill out a "unit card" in September 2008, a document describing what the unit is, what its leader does, and other basic information.  Decl. of Jaime Zinaman, Exs. B, 122:4-8; E.  Defendant LaRose explained to Plaintiff that the reason he was not granted overtime pay to complete the card was that at the time overtime was limited to Undersheriffs.  *Id.*

4

Ex. F.  Plaintiff did not finish his card on time, and was not reprimanded or disciplined.  *Id.* Ex. B, 131:5-12.

On a second occasion Plaintiff requested permission to join an enforcement operation which would have involved overtime, and was refused without explanation.  *Id.* Ex. B 121:1-5. Plaintiff concedes that at that time there was a "material reduction in overtime," and he had heard that no one was getting overtime.  *Id.* Ex. B 130:10-131:4.

In addition, Plaintiff claims that his work-schedule was changed to four days a week.  *See* Pl. Mem. 9. However, he does not include the fact that the four-day schedule was in fact his own proposal to the Defendants.  *See Id.* Ex. G. Although he later requested to be put back on a five-day schedule, he subsequently withdrew that request. *See Id.* Ex. G.

While doubtful that these actions are "adverse" for purposes of a *prima facie* discrimination claim, Plaintiff has again failed to draw any connections between them and his religion.  While he states his belief that his religion played a role in these decisions, personal belief "is insufficient to defeat defendants' summary judgment motion."  *Sicular v. N.Y.C. Dept. Of Homeless Services*, 2010 WL 423013, *19 (S.D.N.Y. 2010)

**II.  Hostile work environment**

To make out a hostile work environment claim, Plaintiff "must produce evidence from which a trier of fact could conclude that [his] workplace [was] permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.'"  *See Rosinski v. American Axle & Mfg., Inc.*, No. 09 cv 4569, 2010 WL 3402984, *2 (2d Cir. Aug. 31, 2010) *citing Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993).  The standard under NYHRL is the same, *see Forrest*, 3 N.Y.3d at 310 (2004), and under NYCHRL  the standard is broader.  *See Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 77-79 (1st Dept. 2009).  However, analysis of these claims under NYCHRL would compel the same result as that reached in the analysis of Plaintiff's claims under federal law.

The facts supporting this claim are limited to a single event: a superior officer asked Plaintiff – the commanding officer of the Firearms Unit – to provide information on the department's firearms policy as part of the superior officer's participation in a training program at the FBI National Academy.  Plaintiff characterizes this assignment as a requirement that he do the superior officer's "homework," and notes that others were also required to do similar

assignments. *See* Pl. Mem., 11. This single request to provide information directly related to Plaintiff's job description does not constitute the kind of "severe or pervasive" conduct necessary to state a prima facie case for hostile work environment. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir.2007) ("Minor incidents do not merit relief."). Moreover, the fact that others were required to do similar assignments suggests that the assignment was not motivated by discriminatory animus, and indeed Plaintiff has failed to draw any connection between this assignment and his religion.

### III. Retaliation

To establish retaliation under Title VII, an employee must show that: "(1) she was engaged in an activity protected under Title VII; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse action against plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000).

Plaintiff's filing of an EEOC complaint on May 14, 2009 constitutes a protected activity. While Plaintiff claims to have made his superiors aware of his complaint, he has offered no evidence to support that allegation. Regardless, he has not refuted Defendants' argument that he suffered no adverse employment action. Plaintiff bases his retaliation claim on four facts: first, on October 20, 2009, an open envelope from the EEOC to Sheriff Eason was placed on Plaintiff's desk. Second, three weeks following the EEOC complaint he was interrogated by the New York City Department of Investigation about an incident dating to 2003. Third, he received his only non-"outstanding" evaluation on August 24, 2010. Finally, on February 5, 2010 a subordinate was promoted ahead of him. *See* Decl. of Linda M. Cronin, Ex. E.

Notwithstanding the fact that Plaintiff's Memorandum cites evidence of only two of these contentions, after consideration of the "particular circumstances," I conclude that Plaintiff has not suffered the kind of materially adverse actions that are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 69 (2006). Indeed, the Supreme Court has stressed the requirement of "*material* adversity because [] it is important to separate significant from trivial harms." *Id.* at 68 (emphasis in original). Plaintiff concedes that he was informed that he was not the target of the investigation about which he was called to provide information. Decl. of Jamie Zinaman, Ex. B, 170:10-16. Similarly, questions of

admissibility aside, the document evidencing Plaintiff's non-"outstanding" evaluation does not suggest the kind of materially adverse action required, in particular because it provided three "Outstanding" ratings, seven "superior" ratings, an overall rating of "superior", and noted that he "works hard" and that the "training programs to which he is assigned are very successful."  Decl. of Linda M. Cronin, Ex. E.  Finally, Plaintiff offers no suggestion of a causal connection between his filing of the complaint and the alleged adverse actions.  Plaintiff has simply failed to show the existence of retaliation by the Defendants.

### IV. Lilly Ledbetter Fair Pay Act and Equal Pay Act

Plaintiff's complaint alleges "violations of the Lilly Ledbetter Fair Pay Act, Equal Pay Act." The Lilly Ledbetter Fair Pay Act (Fair Pay Act) provides that the statute of limitations on Title VII discrimination claims based on unequal compensation begins to run anew following each receipt of unequal pay – it does not provide a separate cause of action.  *See* 42 U.S.C. 2000e-5(e). Pub.L. No. 111-2 § 3(A); *Zimmelman v. Teachers' Retirement System of City of New York*, No. 08 cv 6958, 2010 WL 1172769, *9 -10  (S.D.N.Y. Mar. 8, 2010) (the Fair Pay Act "amended Title VII, the ADA and other antidiscrimination statutes by providing that an unlawful employment practice with respect to compensation occurs each time an individual is affected by a discriminatory compensation decision, including each time wages or other workplace compensation is paid.").  Accordingly, this claim has been construed as an argument for the timeliness of Plaintiff's Title VII discrimination claims based on denial of overtime and denial of discretionary pay, which are addressed above.  Timely though they may be, those claims still fail to make out a *prima facie* case for the reasons discussed above.

The Equal Pay Act applies only to gender-based discrimination.  It states that "[n]o employer having employees subject to any provisions of this section shall discriminate ... between employees on the basis of sex." 29 U.S.C. § 206(d)(1).  Plaintiff asserts no gender-based discrimination, and points to no facts that would lead to even a hint of the existence of any gender-based discrimination.  "The assertion of an Equal Pay Act claim in a complaint that did not allege sex discrimination in any fashion [is] frivolous", *Mudholkar v. University of Rochester*, 261 Fed.Appx. 320, 323 (2d Cir. 2008), and the claim is dismissed.

## CONCLUSION

Plaintiff has failed to adduce facts that would lead any reasonable juror to conclude that he was subject to unlawful discrimination, retaliation, a hostile work environment, or violations

of the Equal Pay Act. Defendants' motion for summary judgment is GRANTED in its entirety. The Clerk of the Court is instructed to close the matter and remove it from my docket.

**SO ORDERED**
October 27, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

8